**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRM NRE HOLDING LLC, *et al.*,[1] | Case No. 26-10568 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related D.I.: 195** |

**ORDER APPROVING AND AUTHORIZING THE PADUCAH SETTLEMENT BY AND BETWEEN DEBTOR TRM NRE ACQUISITION LLC AND STEVEN & SUSAN KENTUCKY BUILDING, CO., LLC**

Upon the motion (the "Motion")[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order approving and authorizing the Settlement Agreement by and between TRM NRE Acquisition LLC and Steven & Susan Kentucky Building, Co., LLC, attached hereto as **Exhibit 1**, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined the legal and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TRM NRE Holding LLC (7519) and TRM NRE Acquisition LLC (0748). The Debtors' headquarters and the mailing address is 908 Shawnee Street, Mount Vernon, IL 62864.

[2] Capitalized terms used but not defined in this Order shall have the meaning given to them in the Motion.

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth in this Order.

2. Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are hereby denied and overruled on the merits with prejudice.

3. The Paducah Settlement is APPROVED. The Debtors are authorized to perform under the Settlement MOU, attached hereto as **Exhibit 1**.

4. The Debtors are authorized to, with at least five (5) business days prior written e-mail notice to lead restructuring counsel for the Prepetition Secured Parties, abandon, sell, or otherwise dispose of any remaining Personal Property located at the Paducah Facility, as of the applicable deadlines in the Settlement MOU; *provided*, that such e-mail notice shall include an itemized schedule setting forth a description of each item of Personal Property proposed to be abandoned and an appraiser or representative for the Prepetition Secured Parties shall be permitted to physically inspect the property proposed to be abandoned prior to any abandonment thereof. The Prepetition Secured Parties shall have five (5) business days from such e-mail notice to file an objection to any proposed abandonment, sale, or disposition on the basis that it does not meet the applicable legal standard under section 554 of the Bankruptcy Code, as to abandonment, or section 363 of the Bankruptcy Code, as to any other applicable disposition (any such dispute, a "Paducah Dispute"). The Prepetition Secured Parties consent to the Court deciding and determining any appropriate remedy in relation to any Paducah Dispute on an expedited basis. If there is a Paducah Dispute with respect to Personal Property that is proposed to be abandoned by

the Debtors, the August 27, 2026, deadline in the Settlement MOU shall be tolled for no more than five (5) days until September 1, 2026, after which any such Personal Property remaining at the Paducah Facility shall transfer to the Landlord free and clear of any liens, claims or encumbrances. Subject to the resolution of any Paducah Dispute in respect of abandonment, the Landlord shall be permitted to dispose of, retain, use, or sell any Personal Property abandoned at the Paducah Facility, in its sole discretion and without further notice from this Court, and without further notice or liability to the Debtors or any consenting third party for such disposal.

5. The automatic stay shall be deemed modified solely to the extent necessary to (a) allow for the utilization or disposition contemplated under paragraph 4 of this Order, and (b) otherwise facilitate the removal of the Personal Property located on the Paducah Facility. Except for the limited purpose set forth in, and subject to the terms of, the foregoing sentence, the automatic stay shall remain in full force and effect.

6. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtors may transfer the Acquired Assets and any remaining Personal Property to the Landlord free and clear of any liens, claims, encumbrances and other interests.

7. Pursuant to section 363(f) of the Bankruptcy Code, upon the consummation of the transfers of the Acquired Assets to the Landlord (and good and marketable title to the same) pursuant to the Settlement MOU and this Order, all of the Debtors' rights, title, and interest therein shall be transferred to the Landlord free and clear of all liens, claims, encumbrances and other interests, with all such liens, claims, encumbrances and other interests, attaching to the proceeds thereof in the order of their priority, with the same validity, force and effect which they now have as against such estate property subject to any claims and defenses, setoffs, or rights of recoupment the Debtors may possess with respect thereto.

8. All net cash proceeds received by the Debtors from (x) the Landlord under the Settlement MOU, consisting of (a) $400,000 for title to the Acquired Assets, and (b), if the Debtors vacate the Paducah Facility by August 27, 2026, an Incentive Payment of $200,000 shall be remitted to the Prepetition Secured Parties no later than two (2) business days following receipt of such net cash proceeds, and applied as repayment of the Prepetition Secured Obligations (as defined in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing; (II) Authorizing the Debtors' Continued Use of Cash Collateral on a Final Basis; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 149]) in accordance with the terms of the Final DIP Order and the Prepetition Loan Documents and without regard to any prepayment penalties, premium, fees, or the like and (y) any other person from the sale of Prepetition Collateral located at or around the Paducah Facility shall be held by the Debtors and shall not be used or disbursed to any other party absent an agreement with the Prepetition Secured Parties or without further order of the Court.

9. The unpaid balance of the Prepetition Secured Obligations remaining after application of such net proceeds shall remain outstanding as Prepetition Secured Obligations, shall continue to be secured by the Prepetition Liens and the Adequate Protection Liens on the Debtors' remaining property to the extent provided in the Final DIP Order, and nothing in this Order shall constitute a satisfaction, release, discharge, or waiver of such obligations or liens except with respect to the Prepetition Secured Parties' receipt and application of the Settlement MOU net cash proceeds, set forth in this paragraph 9, to the Prepetition Secured Obligations.

10. The Debtors are authorized to execute and deliver, as well as perform under the Paducah Settlement, together with all additional instruments and documents that may be reasonably necessary to consummate the Paducah Settlement, and are authorized to take any and

all actions as may be necessary to complete, effectuate, and implement the terms and provisions of the Settlement MOU and this Order.

11. The Settlement MOU may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtors or their estates.

12. Nothing contained in the Motion, the Settlement MOU, or this Order shall be construed as an approval, assumption, or rejection of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

13. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

14. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction over any and all matters arising from the interpretation or enforcement of this Order.

**Dated: August 5th, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**